## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## EASTERN DIVISION

| | |
|---|---|
| JOE K. SMITH, JAN G. SMITH, IRENE N. SMITH and JUANITA B. ANDREWS | PLAINTIFFS |
| VS.              CASE NO.: 2-09-CV-00101 BSM | |
| DAVID H. ARRINGTON OIL AND GAS, INC. | DEFENDANT |

### ORDER

Defendant David H. Arrington Oil & Gas, Inc. ("Arrington") moves to dismiss the complaint filed by plaintiffs Joe K. Smith, Jan G. Smith, Irene N. Smith, and Juanita B. Andrews (Doc. No. 4). Plaintiffs have responded (Doc. Nos. 8, 15) and Arrington has replied (Doc. Nos. 12, 17). For the reasons set forth below, Arrington's motion is denied.

### I. ALLEGATIONS

Plaintiffs are residents of Arkansas and Arrington is a Texas corporation that does business in Arkansas. Compl., ¶ 8-9. Plaintiffs allege that they leased mineral rights for various pieces of land in Phillips County and Cleburne County, Arkansas to Arrington. Compl., ¶ 2. Joe and Jan Smith allegedly leased mineral rights for 162.8 acres in Phillips County, Arkansas to Arrington. Compl., ¶ 11. They allege that Arrington gave them a $48,840.00 lease bonus, in the form of a bank draft, as consideration for the lease. Compl., ¶ 12. Irene N. Smith allegedly leased mineral rights for 164.58 acres in Phillips County, Arkansas to Arrington. Compl., ¶ 13. Smith alleges that Arrington gave her a $49,374.00 lease bonus, in the form of a bank draft, as consideration for the lease. Compl., ¶ 14. Juanita

B. Andrews allegedly leased mineral rights for 2.57 acres in Cleburne County, Arkansas to Arrington. Compl., ¶ 15. Andrews alleges that Arrington gave her a $4,433.25 lease bonus, in the form of a bank draft, as consideration for the lease. Compl., ¶ 16.

Plaintiffs all signed separate Oil and Gas Leases, attached to the complaint, that stated that they leased mineral rights "for an in consideration of a cash bonus in hand paid . . .." Oil and Gas Leases, attached at Exhibits 1, 4, and 7 to plaintiffs' complaint ("the leases"). Plaintiffs allege that Arrington later caused each draft to be dishonored. Compl., ¶¶ 12, 14, 16.

In their complaint, plaintiffs claim breach of contract and fraud and seek compensatory as well as punitive damages. Plaintiffs claim that the leases required Arrington to pay them lease bonuses, and that Arrington breached the contracts by not paying the bonuses. Compl., ¶ 16-18. In the alternative, plaintiffs claim that the contractual principles of unjust enrichment and promissory estoppel demand that Arrington pay the lease bonuses. Compl., ¶ 19. They argue Arrington made promises to pay the bonuses with cash in hand, and they reasonably relied on those promises to their detriment. *Id*. Plaintiffs also claim Arrington committed fraud when it asserted that it would pay the bonuses with drafts and then dishonored the drafts. Compl., ¶ 20. Lastly, plaintiffs assert Arrington's conduct was intentional and willful, meriting an award of punitive damages. Compl., ¶ 21.

## II. MOTION TO DISMISS STANDARD

"Dismissal is proper where the plaintiffs' complaint fails to state a claim upon which

relief can be granted." *Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008) (citing Fed. R. Civ. P. 12(b)(6)). Accepting as true all of the factual allegations contained in the complaint, the court must review the complaint to determine whether its allegations show that the pleader is entitled to relief. *Id.* "The plaintiffs need not prove specific facts in support of their allegations, but they must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." *Id.* (internal citations omitted).

### III. DISCUSSION

Arrington seems to assert that, at this early stage, it must be determined whether contracts actually formed between plaintiffs and Arrington. The parties go to great lengths to argue whether a contracts were actually formed. Such a fact finding would be inappropriate at this time.

As alleged, the parties executed several contracts. Arrington allegedly offered plaintiffs several mineral rights leases. Compl., ¶ 11, 13, 15. The leases are each signed by plaintiffs, indicating they accepted the offers. Plaintiffs maintain contracts were formed throughout the complaint. Compl., ¶¶ 7, 10, 16, 17. Most importantly, they allege they held good and clean title to the land. Compl., ¶ 8. This court has previously found that the same lease and draft language "only placed a condition precedent of title approval on the formation of the contract." *Whistle v. David H. Arrington Oil & Gas, Inc.*, 2009 WL 1529819, *9 (E.D. Ark. June 1, 2009). Chief Judge J. Leon Holmes of the

Eastern District of Arkansas also found that nearly identical lease and draft language established the same, and only, condition precedent. *Trenthem v. David H. Arrington Oil & Gas, Inc.*, 2010 WL 545973, *7 (E.D. Ark. Feb. 10, 2010). Whether that condition precedent was actually satisfied is a fact issue not appropriate for decision at this stage, although Arrington could prove later that it honestly disapproved each plaintiff's title and thus prevented contracts from forming. Plaintiffs' allegations, taken as true, indicate that the parties entered into contracts.

A.   Breach of Contract

Arrington's motion to dismiss plaintiffs' claim for breach of contract is denied. As alleged, the condition precedent for each contract was or should have been satisfied, so the parties entered into the contracts. Arrington argues that *Whistle, supra*, was decided incorrectly, maintaining that the lease and draft language allowed Arrington to back out of the agreement after the parties initially agreed. Defendant's memorandum brief in support of motion to dismiss ("Deft.'s br."), 5. Plaintiffs argue that the complaint alleges that agreements were executed and Arrington breached the agreements by failing to pay the lease bonuses. Plaintiff's brief in support of response to defendant's motion to dismiss ("Pltf.'s br."), 4-6. As alleged, contracts existed between the parties, and Arrington breached by not paying the lease bonuses.

B.   Unjust Enrichment

Arrington's motion to dismiss plaintiffs' alternative claim for unjust enrichment is

denied. Arrington claims plaintiffs did not sufficiently plead the four elements of unjust enrichment in Arkansas: 1) the plaintiff suffered a detriment; 2) the defendant received money from the plaintiff to which it was not entitled and which should be restored to the plaintiff; 3) there was some operative act, intent, or situation that made the alleged enrichment of the defendant unjust and inequitable; and 4) the amount by which the defendant was unjustly enriched. Deft.'s br., 7. Plaintiffs maintain they adequately pled their claim by alleging that Arrington received something of value to which it was not entitled and which must be restored to the Halls. Pltf.'s br., 20.

As alleged, the lease gave Arrington exclusive control over the mineral rights on plaintiffs' land, precluding plaintiffs from leasing to other lessees. Arrington gained exclusivity, something of great value in the oil and gas market. Arrington allegedly held these rights without paying for them. Plaintiffs' allegations for unjust enrichment are sufficient.

C. <u>Promissory Estoppel</u>

Arrington's motion to dismiss plaintiffs' alternative claim for promissory estoppel is denied. Arrington argues that plaintiffs' allegations are conclusory and that plaintiffs fail to plead that Arrington should have expected them to act in reliance on the alleged promise. Deft.'s br., 8-9. Arrington maintains that under Fed. R. Civ. P. 8(a)(2) and *Ashcroft v. Iqbal*, 129 S.Ct. 1937, plaintiffs do not make sufficient factual allegations.

Plaintiffs maintain that they make a claim for promissory estoppel in the

alternative, in case it is determined that a contract did not exist between them and Arrington. They agree with Arrington that the elements of a claim for promissory estoppel include: 1) the defendant made a promise; 2) the defendant should have expected plaintiff to act in reliance on that promise; 3) the plaintiff acted in reasonable reliance on the promise to their detriment; and 4) injustice can be avoided only by enforcement of the promise. Pltf.'s br., 18.

Implicit in the complaint is that plaintiffs allegedly relied on the leases as binding contracts, so they did not enter, or seek to enter, into other leases. Although it is unclear whether plaintiffs can succeed on a promissory estoppel claim, their claim should not be dismissed at this point.

D.   Constructive Fraud

Arrington's motion to dismiss plaintiffs' claim for constructive fraud is denied. Arrington asserts that plaintiffs' claim fails under the pleading standard set in *Ashcroft v Iqbal, supra*, and that breach of a contract is not equivalent to fraud. Deft.'s br., 9. They also argue for dismissal under Rule 9(b) for lack of particularity. Deft.'s br., 11. Plaintiffs maintain that they specifically identify Arrington's fraudulent act in their complaint.

The complaint states that "[t]he Defendant made a false representation of a material fact when it stated in the leases that the leases were for a cash bonus in hand paid . . ." Compl., ¶ 20. Further, plaintiffs allege that Arrington had specific knowledge that

its representation was false and that Arrington had an intent to induce them not to lease the rights to anyone else. *Id*. These allegations are sufficiently particular and meet the pleading standard.

## IV. CONCLUSION

Accordingly, Arrington's motion to dismiss each of plaintiffs' claims (Doc. No. 4) is denied.

IT IS SO ORDERED THIS 25th day of March, 2010.

_____
UNITED STATES DISTRICT JUDGE