**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

**JOE K. SMITH, JAN G. SMITH, IRENE N. SMITH
and JUANITA B. ANDREWS**                                          **PLAINTIFFS**

**v.**                          **CASE NO.: 2-09-CV-00101 BSM**

**DAVID H. ARRINGTON OIL AND GAS, INC.**                **DEFENDANT**

<u>**ORDER**</u>

Plaintiffs Joe K. Smith, Jan G. Smith, Irene N. Smith, and Juanita B. Andrews move

for partial summary judgment (Doc. Nos. 24, 49) on their breach of contract claim.

Defendant David H. Arrington Oil objects (Doc. Nos. 31, 51) and plaintiffs have replied

(Doc. Nos. 36, 37, 53). The motions of plaintiffs Joe K. Smith, Jan G. Smith, and Irene N.

Smith are controlled by this court's decision in *Hall v. Arrington Oil & Gas, Inc.*, Case No.

2-09-CV-0091-BSM (Aug. 19, 2010) (Doc. No. 55); accordingly, their motions for partial

summary judgment are granted. Plaintiff Juanita B. Andrews's motion for partial summary

judgment is denied.

I. FACTS

Viewing the facts in the light most favorable to Arrington, the nonmoving party, the

facts are as follows. Plaintiffs and Arrington executed three Oil and Gas Leases (the

"Leases"), one on May 25, 2006, for Joe and Jan Smith, one on May 12, 2006, for Irene

Smith, and one on October 7, 2008, for Andrews. Leases attached at Exhibits 1, 4, and 7 to

Complaint. Each lease provides, in part:

> THIS AGREEMENT is made and entered into on this [date] (the effective date
> hereof) between [Lessor and address], hereinafter called Lessor (whether one

or more), and David H. Arrington Oil & Gas Inc., P.O. Box 2071, Midland, Texas 79702, hereinafter called Lessee.

Witnesseth: That the said Lessor, for and inconsideration of a cash bonus in hand paid, the receipt of which is hereby acknowledged, and of the covenants and agreements hereinafter contained on the part of Lessee to be paid, kept, and performed, has GRANTED, DEMISED, LEASED and LET, and by these presents does GRANT, DEMISE, LEASE and LET unto the said Lessee, for the sole and only purpose of exploring by geophysical and other methods, mining and operating for oil (including but not limited to distillate and condensate) gas (including casinghead gas and helium and all other constituents), and for laying pipelines and building tanks, powers, stations, and structures thereon, to produce, save, and take care of said products, all that certain tract of land, together with any reversionary rights therein, situated in the County of Phillips, State of Arkansas, and described as follows:
. . .
and containing [number of acres] acres, more or less. In addition to the land described above, Lessor hereby grants, leases, and lets exclusively unto Lessee, to the same extent as it specifically described herein, all lands owned or claimed by Lessor which are adjacent, contiguous to, or form a part of the lands above particularly described, including all oil, gas, and their constituents underlying lakes, rivers, streams, roads, easements, and right-of-way which traverse or adjoin any of said lands.

1.      This lease, which is a "paid-up" lease requiring no rentals, shall be in force for a primary term of <u>five (5) years</u> from the date hereof, and for as long thereafter as oil or gas or other substances covered hereby are produced in paying quantities from the lease premises or from lands pooled therewith or this lease is otherwise maintained in effect pursuant to the provisions hereof.
. . .
13.     This lease shall be effective as to each Lessor on execution hereof as to his or her interest and shall be binding on those signing, notwithstanding some of the Lessors above named may not join in the execution hereof. The word Lessor as used in this lease means the party or parties who execute this lease as Lessor although not named above.

14.     Lessee may at any time and from time to time surrender this lease as to any part or parts of the leased premises by delivering or mailing a release thereof to Lessor, or by placing a release of record in the proper County.
. . .
Exhibits 1, 4, and 7, Compl.

2

Each lease was accompanied by a bank draft, dated the same day as the corresponding lease, in the following amounts: (1) $48,840.00 paid to the order of Joe K. Smith and Jan G. Smith; (2) $49,374.00 paid to the order of Irene N. Smith; and (3) $4,433.25 paid to the order of Juanita B. Andrews. Drafts attached at Exhibits 3, 5, and 8 to Complaint. The drafts each provided, in part:

> On approval of lease or mineral deed described hereon, and on approval of title to same by drawee not later than [90 for the Smith drafts, 45 for Andrews] banking days after arrival of this draft at Collecting bank.
> . . .
> This draft is drawn to pay for Oil and Gas Lease, dated [date of lease] and covering [number of acres] acres, more or less, being a tract of land in . . . [Phillips County, Arkansas for the Smiths, Cleburne County for Andrews].
>
> The drawer, payee and endorsers hereof, and the grantors of the lease or mineral deed described hereon, do hereby constitute and appoint the collecting bank escrow agent to hold this draft for the first time above specified subject alone to acceptance of payment hereof by drawee, within said time, and without any right of the drawer, payee or endorsers hereof, or said grantors, to recall or demand return of this draft prior to the expiration of the above specified time, and there shall be no liability whatsoever on the collecting bank for refusal to return the same prior to such expiration.
>
> In the event this draft is not paid within said time, the collecting bank shall return the same to forwarding bank and no liability for payment or otherwise shall be attached to any of the parties hereto.

Exhibits 3, 5, and 8 to Compl. Joe and Jan Smith's draft is stamped to indicate that it was submitted for payment at the First Bank of the Delta, N.A., in West Helena, Arkansas on June 7, 2006. Exhibit 3 to Compl. It is also stamped to indicate it was returned unpaid on October 13, 2006 by Western National Bank in Midland, Texas. *Id.* Although Irene Smith's draft does not bear the same stamps, Smith states that payment was due in August, 2010, and

the defendant does not suggest otherwise. Pltf.'s Supplemental Motion for Partial Summary Judgment, ¶ 5. (Doc. No. 49). While Andrews's draft is not stamped to indicate the date it was submitted for payment, it is stamped to indicate it was returned as unpaid by Western National Bank in Midland, Texas on January 5, 2008. Exhibit 8 to Compl.

Plaintiffs filed their complaint on July 27, 2009, alleging breach of contract, fraud, and seeking compensatory as well as punitive damages. They now seek partial summary judgment on their breach of contract claim, arguing (1) a binding contract exists between the parties; (2) the language of the drafts contradicts the language of the leases, so the draft language should control; (3) they warranted their title and should have had an opportunity to cure any defects; and (4) the drafts were unconditional promises to pay by Arrington. Arrington objects, arguing (1) the drafts contained at least one condition precedent of title approval; (2) because the conditions precedent failed and the potential agreement lacked mutuality, no contract was formed; and (3) the plaintiffs do not hold clear title to the mineral interests they attempted to lease to Arrington.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issue of material fact exist and the movant is entitled to judgment as a matter of law." *Christoffersen v. Yellow Book U.S.A.*, 536 F.3d 947, 949 (8th Cir. 2008) (citing Fed. R. Civ. P. 56; *Pope v. ESA Servs., Inc.*, 406 F.3d 1001, 1006 (8th Cir. 2005)).

"A party seeking summary judgment always bears the initial responsibility of

4

informing the district court of the basis for its motion, and identifying those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.*

Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the nonmoving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322. Further, "[t]he nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal citation and quotation marks omitted).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1985). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact;

(2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine . . . ." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

In considering a motion for summary judgment, the court views the evidence and draws all reasonable inferences in the light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). It does not weigh the evidence or make credibility determinations. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III. DISCUSSION

A.    <u>Claims of Joe K. Smith, Jan G. Smith, and Irene N. Smith</u>

Summary judgment on plaintiffs' breach of contract claim is appropriate because a contract formed between the parties and Arrington failed to pay on the contract. Pursuant to the analysis in *Whistle v. David Arrington Oil & Gas, Inc.*, Case No. 2:08-CV-00037-BSM (June 1, 2009) (Doc. No. 48), the draft placed only one condition precedent, title approval by Arrington, on the formation of each lease contract. In *Hall v. Arrington*, this court held that Arrington's admission in *Kemmer v. Arrington Oil & Gas, Inc.*, Case No. 2-09-CV-0073-BSM, that it denied payment on *all drafts drawn for leases in Phillips County after July 26, 2006*, based on its belief that extraction there was not viable was dispositive of the question whether Arrington dishonored the drafts because of title disapproval. Specifically, Arrington represented that financial considerations and the drilling of at least one "dry hole" were the reasons behind its decision to dishonor the drafts. Indeed, given Arrington's

6

inculpating admission, no reasonable jury could find that Arrington dishonored the drafts based on its good faith disapproval of the Hall's title.

Because the claims of the Smith plaintiffs are so factually similar to those of the plaintiffs in *Hall*, that case compels partial summary judgment in favor of the Smiths. Like that of the Halls, the real property owned by Joe and Jan Smith and Irene Smith is situated in Phillips County, Arkansas. Furthermore, the Smiths' drafts were all dishonored after July 26, 2006, placing them in within the scope of Arrington's admission. As in *Hall*, no genuine issue of material fact exists, and, therefore, partial summary judgment in favor of the Smith plaintiffs is granted.

B.   Claim of Juanita B. Andrews

Unlike the Smith plaintiffs, Andrews's real property is not located within Phillips County, Arkansas; rather, it is located within Cleburne County, Arkansas. Simply put, there is no admission concerning Arrington's leases in Cleburne County similar to that made concerning leases in Phillips County. To conclusively establish that Arrington declined her draft and lease for reasons unrelated to title, Andrews produces copies of other drafts dishonored by Arrington for leases in Cleburne county. This evidence falls short of demonstrating the absence of a genuine dispute of material fact. Specifically, Andrews alleges that her draft was dishonored because of declining fuel prices and Arrington's aversion to the risks associated with those market conditions. Arrington responds that it denied payment on Andrews's lease because of defects her title. Because a reasonable jury could agree, a genuine issue of material fact exists, and summary judgment on Andrews's

claim is inappropriate.

## IV. CONCLUSION

For the reasons set forth above, plaintiffs' motion for summary judgment (Doc. Nos. 24, 49) is granted in part and denied in part.

IT IS SO ORDERED THIS 3rd day of September, 2010.

_____
UNITED STATES DISTRICT JUDGE