**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

**JOE K. SMITH, JAN G. SMITH, IRENE N. SMITH
and JUANITA B. ANDREWS**                                                                **PLAINTIFFS**

v.                              **CASE NO. 2:09CV00101 BSM**

**DAVID H. ARRINGTON OIL AND GAS, INC.**                                          **DEFENDANT**

**ORDER**

Plaintiffs move for an award of prejudgment interest, attorneys' fees, and costs. [Doc. Nos. 63, 68]. Defendant David H. Arrington Oil and Gas, Inc. ("Arrington") has filed a response and brief in opposition, [Doc. Nos. 72, 73] and plaintiffs have replied. [Doc. No. 74]. For the reasons set forth below, plaintiffs' motion is granted in part.

I. BACKGROUND

Plaintiffs Joe K. Smith, Jan G. Smith, Irene N. Smith, and Juanita B. Andrews brought this civil action in July 2009 seeking damages for Arrington's decision to dishonor drafts attendant to several oil and gas leases. The complaint sought recovery under several theories including breach of contract, unjust enrichment, promissory estoppel, and fraud. On September 3, 2010, partial summary judgment on the breach of contract claim was granted in favor of the Smith plaintiffs and denied as to plaintiff Andrews. [Doc. No. 54]. On October 15, 2010, all plaintiffs moved to voluntarily dismiss the remaining causes of action with prejudice pursuant to Federal Rule of Civil Procedure 41. That motion was granted on October 18, 2010, and a final judgment was entered the same day awarding plaintiffs Joe K. and Jan G. Smith damages in the amount of $48,840, plus postjudgment interest of .24% per

annum until paid, and plaintiff Irene N. Smith damages in the amount of $49,374, plus postjudgment interest of .24% per annum until paid. [Doc. No. 58].

Arrington timely filed a notice of appeal to the Eighth Circuit. Arrington's appeal, however, is currently stayed pending a ruling on the present motion. This is because plaintiffs' motion for attorneys' fees and costs, filed on November 1, 2010, also sought to recover prejudgment interest. The Supreme Court has held that such a motion constitutes a motion to alter or amend a final judgment under Federal Rule of Civil Procedure 59(e) and thus renders a previously filed notice of appeal ineffective. *See* Fed. R. App. P. 4(a)(4); *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 175 (1989).

## II. DISCUSSION

Plaintiffs are hereby awarded prejudgment interest in the amount of $23,879.33, attorneys' fees in the amount of $31,575.51, and costs in the amount of $480.10. Because federal jurisdiction is based on diversity of citizenship, the substantive law of Arkansas, the state in which the cause of action originally accrued, controls.

A.      Prejudgment Interest

Under Arkansas law, prejudgment interest must be awarded when the prevailing party's damages are "definitely ascertainable by mathematical computation." *S. Bank of Commerce v. Union Planters Nat'l Bank*, 289 S.W.3d 414, 418-19 (Ark. 2008). The damages award herein are certainly ascertainable because the award is equal to the amount of the unpaid draft. Because the lease contract specified no rate of interest, prejudgment

interest will be fixed at a rate of 6% per annum pursuant to article 19, section 13 of the Arkansas Constitution. Accordingly, prejudgment interest is awarded to Joe and Jan Smith in the amount of $11,761.74, which is the total damages awarded, $48,840, at 6% per annum for 1,465 days; and to Irene Smith in the amount of $12,117.59, which is the total damages awarded, $49,374, at 6% per annum for 1,493 days.

B.   Attorneys' Fees

The first question presented by plaintiffs' fee petition is whether a 40% contingent fee is reasonable given all of the circumstances of this case? The answer to that question is no. The second question is whether plaintiffs should be awarded any attorneys' fees from defendant? The answer to that question is yes. The final question is what amount of fees would be reasonable to award plaintiffs given all of the circumstances? The answer to that question is a lodestar-type fee, based on the actual number of hours worked by plaintiffs' counsel, reduced by any work that duplicated work performed in the companion cases. This amount totals $31,575.51.

Under Arkansas law, the prevailing party in a civil action to recover for breach of contract may recover reasonable attorneys' fees. Ark. Code Ann. § 16-22-308 (LEXIS Repl. 1999). Such an award, however, is not mandatory, but rather within the complete discretion of the trial court. *See Chrisco v. Sun Indus., Inc.*, 800 S.W.2d 717, 718 (Ark. 1990); *Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 723 (8th Cir. 2004).

Plaintiffs seek attorneys' fees in the amount of $39,285.60. This amount is based on

the contingent fee agreement with plaintiffs' counsel. The agreement provided that there would be no hourly fee, but that plaintiffs would pay counsel 40% of any recovery. The $39,285.60 figure is indeed 40% of the total damages awarded. In support of their request, plaintiffs attach affidavits from several lawyers who primarily represent plaintiffs. Those affidavits explain the virtues of contingent-fee arrangements, primarily making the point that, for many plaintiffs, such agreements are "the key to the courthouse door." The affidavits further state that plaintiffs' lead counsel is an experienced and skilled litigation attorney and that the fee requested is indeed reasonable.

For the reasons set forth in the order entered this day in *Hall v. Arrington Oil & Gas, Inc.*, No. 2:09CV00091 (Doc. No. 55) (E.D. Ark. Aug. 19, 2010), a 40% contingent fee award is unreasonable. Although an attorneys' fee award is warranted, the question now becomes, what is a reasonable fee? As was determined in *Hall*, the answer to that question is a lodestar-type fee, based on the actual number of hours worked by plaintiffs' counsel. The fee, however, must be reduced to reflect that much of the work conducted in the present case was duplicative and was therefore unreasonable.

If viewed totally separately, the time-sheets in *Hall*, *Foster*, and the present case would seem reasonable. The problem is that when they are viewed together, it is clear that the work performed in this case and in *Foster*, merely duplicate the work performed in *Hall* and that it would be unreasonable to require Arrington to pay for that work. This is true because the cases are almost identical with many of the same motions, involving identical

facts, being filed in each. For instance, the time-sheets in *Hall* indicate that counsel spent 3.7 hours on the supplemental motion for partial summary judgment. The time-sheets herein indicate that counsel spent another 3.7 hours on preparing an identical motion. Further, the time-sheets in *Foster* indicate that counsel spent another 7.8 hours on an identical motion. Although 3.7 hours, the time expended on the *Hall* motion which was the first-filed, may be reasonable, it is not reasonable that it would take another 3.7 hours to prepare the same motion herein and another 7.8 hours to prepare an identical motion in *Foster*.

Because it would be unreasonable to award attorneys' fees to plaintiff for duplicative work, the fees billed by counsel herein must be reduced. It is therefore determined that plaintiffs should be awarded $31,575.51 in attorneys, fees, which represents 60% of $52,625.85, the value of the time billed by plaintiffs counsel. The billing statement indicates that three attorneys and two paralegals worked on the case. Lead counsel billed 66 hours at a rate of $275 per hour; a junior partner billed 89.1 hours at $225 per hour; an associate billed 51.4 hours at $175; a senior paralegal billed 37.27 hours at $100 per hour; and a junior paralegal billed 16.35 hours at $75 per hour. Given the complexity of this case and the number of issues raised herein, these fees, as reduced, are reasonable.

C.   Costs

Pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1920, costs in the amount of $480.10 are hereby awarded.

Accordingly, the motion for prejudgment interest, attorneys' fees, and costs [Doc. Nos. 63, 68] is granted in part and prejudgment interest is awarded to Joe and Jan Smith in the amount of $11, 761.74, and to Irene Smith in the amount of $12,117.59; attorneys' fees are awarded in the amount of $31,575.51; and costs are awarded in the amount of $480.10.

IT IS SO ORDERED this 2nd day of March, 2011.

_____
UNITED STATES DISTRICT JUDGE